IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr110

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| EMMANUEL CLIFTON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Suppress (Doc. No. 14).

The defendant made his initial appearance in federal court on August 17, 2006, and counsel for the defendant entered his appearance on the next day.[1] Following waiver of arraignment on September 6, 2006, a magistrate judge issued a Scheduling Order setting a trial date of October 2, 2006, and a pretrial motions deadline of 60 days following entry of the Order.[2] (Doc. No. 9). The trial date was continued (Doc. No. 12: Order) on the defendant's motion (Doc. No. 11: Motion), which recited that discovery had not been received, but made no request to extend the motion deadline. The defendant filed the instant motion on December 1, 2006. The trial date is December 11, 2006.

Rule 12(c) of the Federal Rules of Criminal Procedure allows courts to set deadlines for filing pretrial motions, including motions to suppress. Here, the defendant filed his motion

---

[1]The defendant was first represented by another attorney in the Community Defender's Office.

[2]Paragraph Four of that Order states:
All pretrial motions must be in writing and must be filed within sixty (60) days from the date of this Arraignment Order, or the date on which counsel is appointed or makes a general appearance, whichever occurs last. Motions not timely filed will be summarily denied.

nearly one month after the deadline stated in the Scheduling Order and only six business days prior to the scheduled trial date.³ The defendant did not request leave to file the motion late, nor did he state any cause for doing so.⁴ Accordingly, the motion is subject to dismissal. United States v. Johnson, 953 F.2d 110, 115-116 (4th Cir. 1991).

**IT IS, THEREFORE, ORDERED,** that the defendant's motion to suppress is DENIED without prejudice.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney.

Signed: December 8, 2006

Robert J. Conrad, Jr.
Chief United States District Judge

---

³The Court ordinarily allows the government ten business days to respond to a motion to suppress.

⁴A court may grant relief for good cause where party waives a Rule 12(b)(3) issue by failing to comply with a Rule 12(c) deadline. Fed. R. Crim. P. 12(e). Here, the defendant indicated in a footnote that the government provided discovery on November 7, 2006. (Doc. No. 14: Motion at 1 n.1). The motion does not state what efforts were made to obtain discovery prior to that date, including reviewing "open file" discovery in the United States Attorney's Office. (See Doc. No. 10: Order (requiring government to allow defense counsel to inspect and photocopy discoverable information or to provide photocopies of such material)).