IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr110

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| EMMANUEL CLIFTON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Reinstate Bond (Doc. No. 19), to which the government has responded (Doc. No. 21). The defendant asks the Court to reconsider its ruling that 18 U.S.C. § 922(g)(1) is a "crime of violence" for purposes of the Bail Reform Act, and its resulting conclusion that 18 U.S.C. § 3143(a)(2) required the defendant's detention following a guilty plea to that offense.[1]

The Bail Reform Act was amended in 2006 and a new group of offenses became eligible for a detention hearing under § 3142(f)(1). That group is defined as:

> any felony that is not otherwise a crime of violence that . . . involves the possession or use of a firearm or destructive device . . . or any other dangerous weapon . . .

18 U.S.C. § 3142(f)(1)(E). The defendant asserts that Congress chose this language to recognize that there are some firearm-possession offenses that are non-violent. The defendant argues that "simple possession" violations of § 922(g) are non-violent offenses that do not trigger required detention under § 3143.

---

[1] Other courts in this district and in the Fourth Circuit have reached the same conclusion. See e.g. United States v. Henderson, 2007 WL 702269, slip op. at *1 (E.D. Va. Mar. 2, 2007); United States v. Moffitt, 2006 WL 3240752, slip op. at 1(W.D.N.C. Nov. 7, 2006) (collecting cases).

The defendant does not provide any support in the form of legislative history from the amendment process or otherwise for his interpretation of congressional intent.  Rather, the quoted language simply provides a more permissive standard for detention in ordinarily non-violent offenses, such as interstate transportation of stolen goods, which become more threatening to the safety of the community when committed by armed defendants.  If Congress had intended to resolve the split among the circuits about whether a § 922(g) offense is a "crime of violence" for purposes of the Bail Reform Act, it could easily have done so by amending the definition of "crime of violence."  <u>Compare</u> <u>United States v. Dillard</u>, 214 F.3d 88 (2nd Cir. 2000) <u>with</u> <u>United States v. Ingle</u>, 454 F.3d 1082, (10th Cir. 2006) (recognizing split).  Accordingly, the Court finds that the defendant has failed to establish sufficient grounds to disturb the Court's prior detention order.

**IT IS, THEREFORE, ORDERED,** that the defendant's motion is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney.

Signed: September 10, 2007

Robert J. Conrad, Jr.
Chief United States District Judge